IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY UNDERWOOD and<br>JOHN UNDERWOOD<br>309 S. Queen Street<br>Chestertown, Maryland 21620<br><br>Plaintiffs<br><br>    v.<br><br><br>MAYFLOWER TRANSIT, LLC.<br>One Mayflower Drive<br>Fenton, Missouri 63026-1350<br><br>Serve on Resident Agent:<br>United States Corporation Company<br>1123 N. Eutaw Street<br>Baltimore, Maryland 21201<br><br>HERLIHY MOVING & STORAGE, INC<br>Serve on James Herlihy:<br>3759 Jackson Pike<br>Grove City, Ohio 43123<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action: |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **COMPLAINT**

Plaintiffs Nancy and John Underwood ("Underwoods"), by and through their attorney Anthony M. Conti, hereby file this complaint and sue the defendants Mayflower Transit, LLC. ("Mayflower") and Herlihy Moving & Storage, Inc. ("Herlihy"), and in support thereof state as follows:

## Introduction

1. The plaintiffs, the Underwoods are residents of Kent County, Maryland.

2. The defendants, Herlihy and Mayflower are moving and storage companies authorized to operate in the State of Maryland, with their principal places of business in the States of Ohio and Missouri, respectively.

3. The plaintiffs entered into a written agreement which was signed for and executed by defendant Herlihy acting as an agent for Mayflower with actual and apparent authority, to move the plaintiffs' household goods and antiques in interstate transit to Maryland. The movement of the plaintiffs' goods resulted in the plaintiffs asserting a claim under this parties' agreement, which is the subject matter of this action.

4. The defendants Herlihy and Mayflower have denied responsibility for damaged and/or missing goods and negligent handling of the contents of the plaintiffs' household items necessitating this lawsuit.

## Facts

5. Plaintiffs' re-allege and incorporate the allegations set forth in Paragraphs 2 through 4 of the Complaint as if fully set forth herein.

6. The defendants entered into an agreement for shipping of both household goods and valuable antiques which was signed and executed by the defendants with a valuation amount for the household goods stated as $58,005.00.

7. Pursuant to the provisions outlined in the agreement, the defendants agreed to provide the containers, pack, transport and unpack the plaintiffs' household goods and numerous antiques for a payment of $7,208.73.

8. The plaintiffs, at all relevant times, met their obligation and paid the total premium payment for the services provided by the defendants.

9. On or about September 26, 27 and 28th, 2001, defendant Herlihy, an agent for Mayflower, packed and loaded the plaintiffs' shipment at their Upper Arlington, Ohio location.

10. Although they were instructed not to proceed to the Chestertown, Maryland address for 5 to 8 days, defendants immediately transported the plaintiffs' goods to Maryland.

11. After contacting the plaintiffs, a release was signed by Nancy Underwood to allow the defendants to unload the shipment at a storage facility located at 711 Washington Avenue, Chestertown, Maryland 21620.

12. Immediately upon arriving in Maryland and locating the locked storage units containing their household goods, the plaintiffs discovered extensive damage to both their household goods and the antiques. The defendants also failed to comply with the time restrictions placed on the deliveries pursuant to the parties' agreement.

13. The plaintiffs' were in no way responsible for the damage to the items nor do they hold any responsibility for the missing items.

14. The items at issue are presently located in the original storage units and have not been moved by any third party, with the exception of a few necessary items for day-to-day living. The items have been made available to the defendants for inspection for almost two years, however, the defendants have declined or failed to inspect the items.

15. The plaintiffs suffered losses due to inexperienced, unsupervised and negligent moving practices exercised by the defendants that have caused substantial damage and harm to their household items, furniture, articles of clothing, electronics, and irreplaceable antiques.

16. Despite repeated requests, the plaintiffs were never supplied with a copy of the purported

Bill of Lading or the Declared Insurance Statement, to assist in their filing a claim. The plaintiffs do not believe that these documents exist and believe that the defendants' reference to these documents and failure to produce copies of these documents was an attempt by the defendants to discourage the plaintiffs from filing a claim.

17. The plaintiffs wrote numerous letters and supplied an inventory of all damaged or missing items to the defendants.

18. The defendants have refused to honor their agreement with the plaintiffs for the listed valuation in the agreement of $58,005.00 and to refund their shipping costs of $7,208.73.

19. The state of the above-mentioned items continues to aggravate the plaintiffs due to the defendants' refusal to inspect or honor their agreement and has caused them to incur a considerable expense to pay a monthly storage unit fee. The plaintiffs have been required to incur this storage fee in order to preserve their claim under the parties' agreement according to representations made by the defendants.

20. The defendants' refusal to fulfill their obligation as stated in their agreement has exacerbated both Nancy and John Underwood's mental and physical health.

## COUNT I

### Breach of Contract

21. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Defendants Herlihy and Mayflower are bound by the terms of their agreement with the plaintiffs.

23. The plaintiffs, at all relevant times, satisfied their obligations under the provisions of the

agreement.

24. Notwithstanding the plaintiffs' compliance and defendants' contractual obligations, defendants have breached the agreement by failing to comply with the terms of the agreement and refusing to pay and/or reimburse the plaintiffs' for their losses.

25. As a direct and proximate result of defendants Mayflower and Herlihy's breach, plaintiffs suffered losses of personal property, the time and resources expended in attempts to recover such losses, storage expenses, moving expenses and other consequential damages.

26. The defendants had a duty as well as a statutory obligation to plaintiffs to act in good faith in their dealings and transactions.

27. Notwithstanding this duty, defendants intentionally refused to pay a claim for unknown reasons based on all available information, in violation of their statutory duties of carriers operating in interstate transit and within the State of Maryland, and in violation of the parties' agreement.

28. The plaintiffs have sustained economic damages and a loss of the benefit of the bargain, and other contractual damages as a result of the defendants' acts of breach of contract.

29. The defendants' unfair settlement claims practices and failure to compensate the plaintiffs for the damages they caused amounts to a breach of their agreement with the plaintiffs, which has caused the plaintiffs to sustain damages, in excess of $75,000.00.

## COUNT II

### Violation of Maryland's Consumer Protection Act for Unfair and Deceptive Trade Practices

30. Plaintiffs re-allege the contents of the foregoing paragraphs 1 through 29 as if fully set forth in this paragraph.

31.     The defendants orally and in writing, agreed to provide the containers, pack, transport and unpack the plaintiffs' household goods and numerous antiques in their shipment of the plaintiffs' goods from Ohio to Maryland.

32.     Defendants moved the plaintiffs' household goods to Maryland.

33.     However, due to inexperienced and unsupervised employees and their negligence in packing and loading household goods and irreplaceable antiques, numerous items were damaged and missing. The shipments also failed to comply with the time restriction in the parties' agreement.  The defendants wrongfully threatened the plaintiffs with "double" charges as a result of the defendants' own shipping failures.

34.     Shortly after the defendants delivered the damaged items to a storage facility, the plaintiffs began writing and calling the defendants about their concerns.

35.     Despite continued oral and written communications to the defendants, including an inventory of damaged and missing items, the defendants refused to honor their contractual and statutory obligations.  The defendants have attempted to mislead the plaintiffs through references to a Bill of Lading that the defendants never produced, despite repeated requests.

36.     Despite the plaintiffs' compliance with the terms of the written agreement and compliance with the procedures required in making a claim, the defendants refused to investigate the plaintiffs' claims and refused to document the reasons for their denial.

37.     The defendants represented to the plaintiffs that they had specific experience and expertise in packing and shipping antiques. Based upon the services rendered, the defendants were obviously lacking such experience.

38.     By failing to perform the services as required in the parties' agreement, providing services in a negligent manner, making representations to the plaintiffs regarding experience in

the packing and shipping antiques, wrongfully threatening additional shipping charges, and ignoring the numerous requests from the plaintiffs to investigate their claims, the defendants committed unfair and deceptive trade practices in violation of Section 13-303, *et seq*., of the Maryland Consumer Protection Act.

39.     The defendants further violated the act by representing to the plaintiffs that their shipment had a stated and insured value of $58,005.00 and refusing to honor the stated and insured value. The defendants accepted compensation for this premium valuation and coverage and refused to honor the plaintiffs' claim of damages under this coverage.

40.     Instead, the defendants misrepresented that coverage was limited to the amount referenced on a bill of lading that they refused to produce.

## COUNT III

### Breach of Carmack Amendment

41.     Plaintiffs re-allege the contents of the foregoing paragraphs 1 through 40 as if fully set forth in this paragraph.

42.     The agreement entered into between the parties arises out of federal law governing recovery of damages from a common carrier.

43.     Pursuant to 49 U.S.C. Section 14706 *et se3q*., ("Carmack Amendment"), shippers are permitted to recover for actual loss or damage to their property caused by any of the interstate carriers involved in the shipment.

44.     By failing to perform the services as required in the parties' agreement, providing goods and services in a negligent manner, and failing to honor the stated valuation provisions of the parties' agreement, the defendants violated the Carmack Amendment.

45.     The defendants continued failure to respond to the numerous requests from the plaintiffs

to investigate their claims and compensate them for their actual damages and losses is in violation of the Carmack Amendment.

WHEREFORE, plaintiffs Nancy and John Underwood demand judgment against Mayflower Transit L.L.C., and Herlihy Moving & Storage, Inc., for compensatory damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with interest, costs, and attorney's fees.

### Jury Demand

Plaintiffs, Nancy and John Underwood hereby demand a trial by jury of all issues contained in this complaint.

_/s/_____
Anthony M. Conti   (Federal Bar No.  26007)
CONTI
Redwood Tower, Suite 1600
217 East Redwood Street
Baltimore, Maryland 21202-3316
Phone (410) 837-6999
Facsimile (410) 510-1647

Attorney for Plaintiffs